UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CATHERINE DUVIO, ET AL.                    *        CIVIL ACTION NO. 12-1430
                                           *
                              Plaintiffs   *        SECTION:  H
                                           *        JUDGE JANE TRICHE MILAZZO
VERSUS                                     *
                                           *        MAGISTRATE: 1
VIKING RANGE CORPORATION, ET AL.           *        MAGISTRATE JUDGE SHUSHAN
                                           *
                              Defendants   *
                                           *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>ORDER AND REASONS</u>

Before the Court is Defendants', Viking Range Corporation and Hadco Cooking Systems, LLC,

Motion to Dismiss. (R. Doc. 24.)  For the reasons that follow, the Motion is **GRANTED IN PART** and

the class allegations are **STRICKEN.**  Accordingly, the above captioned matter is **REMANDED** to

state court because the Court lacks subject-matter jurisdiction.


BACKGROUND

Plaintiffs Catherine and A.J. Duvio ("Duvios"), citizens of Louisiana, and Martin Family

1

Limited Partnership ("Martin"), a citizen of Mississippi, (collectively "Plaintiffs") are "purchasers of Viking home appliances that are used in the kitchen or for outdoor cooking," including "dishwashers, refrigerators, stoves, ovens, outdoor grills, food preparation surfaces, and microwave ovens." (R. Doc. 1-4 at ¶9.) The named defendants are manufacturers and distributors of Viking appliances: Viking Range Corporation ("Viking"), a corporation with its principal place of business in Mississippi and incorporated therein and Hadco Cooking Systems, LLC ("Hadco"), incorporated in Georgia with its principal place of business therein (collectively, "Defendants"). (*Id*. at ¶2.)

The Plaintiffs seek to represent a class of similarly-situated individuals, namely all citizens of the United States of America who have ever purchased a Viking product. (*Id*. at ¶23.)   The Plaintiffs allege that "each and every" Viking appliance is "unreasonably defective," and that the Defendants are engaged in an ongoing tortious scheme to defraud their consumers.  (*Id.* at ¶¶ 12-13.) Specifically, the Plaintiffs claim that Viking manufactures and sells defective products designed to malfunction so that Hadco can profit by selling replacement parts for the faulty Viking products. (*Id.* at ¶¶12-14.)  The Plaintiffs further maintain that the replacement parts are "equally as faulty and defective as the original [Viking] product," thus furthering the Defendants' unlawful joint venture. (*Id.* at ¶12.)  Accordingly, the Plaintiffs assert the following claims on behalf of themselves and the putative class members: (1) breach of implied warranty of merchantability in tort and contract, (2) redhibition (and every similar law or legal protection offered by the various States),

2

(3) breach of the Unfair Trade Practices Act (and every similar law or legal protection offered by the various States), and (4) misrepresentation, detrimental reliance, and breach of contract. (*Id*., ¶¶32-35.)  Plaintiffs seek to recover: (1) refunds for the purchase price of each product that falls within the parameters of the Class Action, (2) compensatory damages, (3) treble damages where appropriate, (4) punitive damages, (5) prejudgment and post-judgment interest, and (6) attorney's fees and costs of litigation. (*Id.* at p.10.)

On April 18, 2012, Plaintiffs filed a Class Action Petition for Damages with the 34th Judicial District Court for the Parish of St. Bernard. (R. Doc. 1-4.)  The parties jointly removed the matter to this Court on June 4, 2012.  (R. Doc. 1.)  On July 5, 2012, the Defendants filed a Motion to Dismiss, or alternatively to strike all class allegations, on the grounds that class treatment is inappropriate given the varied state law regimes and multiple legal and factual questions at play. (R. Doc. 24-1.)  The Plaintiffs opposed the motion on July 31, 2012 (R. Doc. 30)  , and the Defendants jointly replied thereto on August 15, 2012 (R. Doc. 34.)  The Court took the matter under submission on August 1, 2012.

## LAW AND ANALYSIS

Defendants move to dismiss the Plaintiffs' claims for failure to state a claim pursuant to Rule 12(b)(6), or alternatively, to strike the class action pursuant to Rule 23(d).  The Court first addresses the motion to strike the class action.

I.       *Rule 23 Analysis*

      A.       <u>Arguments of the Parties</u>

Defendants contend that the Plaintiffs' class allegations fail as a matter of law and must be stricken because neither the predominance nor superiority requirements under Rule 23(b)(3) can be satisfied pursuant to the Federal Rules of Civil Procedure. (R. Doc. 24-1.)  Although Plaintiffs posit five common questions of law or fact shared by the putative class, Defendants maintain that these are nothing more than superficial, abstract questions that have no relation to the claims as applied to any individual member of the class that Plaintiffs seek to represent. (*Id*.)  Furthermore, Defendants aver that even if the Court finds that Plaintiffs satisfied the prerequisites under Rule 23(a), they cannot satisfy the additional condition for maintaining a class action pursuant to Rule 23(b).  (*Id.*)  Defendants explain that the only applicable requirement under Rule 23(b) would be Rule 23(b)(3), which cannot be satisfied for three reasons.  First, the claims of the members of the class would necessarily implicate the substantive laws of all fifty states.  Second, the claims plead by the Plaintiffs present individualized issues that predominate each of the class claims.  Finally, the damage claims presented by the Plaintiffs are individualized and specific to each individual putative class member.

On the other hand, Plaintiffs  argue that all of the prerequisites under Rule 23(a) are satisfied. (R. Doc. 30.)  Specifically, Plaintiffs argue that  Rule 23(a)(2) is satisfied because the fraudulent conduct of the Defendants in designing, manufacturing, distributing and/or selling

substandard products presents a common set of operative facts.   Plaintiffs offer questions of law

and fact common to the class:

> a.  Whether Defendant has produced a widespread and endemic series of
>     consumer products that are defective, in breach of Louisiana's redhibition
>     laws, and in breach of implied warranties of merchantability;
> b.  Whether the Defendant knowingly and with calculation produced a
>     widespread line of products and chose to market said products in spite of
>     reasonable and probable knowledge that it was selling non-functional
>     products to an unknowing consumer public;
> c.  Whether the Defendant's conduct rises to a level of consumer fraud, unfair
>     trade practices, unfair consumer practices, consumer fraud, and fraud in the
>     inducement;
> d.  The amount of actual and compensatory damages that should be awarded
>     to the Plaintiffs and the Class Members;
> e.  Whether, upon further discovery, the conduct of the Defendant rises to a
>     level that would justify an award of punitive damages, and if so, the amount
>     of the putative award.

(*Id.*)

Moreover, Plaintiffs contend that Rule 23(b)(3)'s predominance requirement is satisfied

because the Defendants' "uniform act of falsely misrepresenting themselves and selling defective

products overrides the specifics of the misrepresentations" they made to individuals purchasers.

(*Id.*) Plaintiffs further argue that Rule 23(b)(3)'s superiority requirement is satisfied because a class

action is the most economical method of adjudicating claims from the large number of members

in the putative class, and the average amount recoverable by individuals is small enough that

members of the class will lack the incentive and means to litigate their claims separately. (*Id.*)

B.      Analysis

The Court finds that the Plaintiffs cannot satisfy all of the prerequisites under Rule 23(a). Furthermore, the Plaintiffs cannot satisfy the predominance requirement under Rule 23(b)(3). Accordingly, Defendants' Motion is granted and Plaintiffs' class allegations are stricken.

**i.      The Class Action**

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure.  "The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'"  *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)).  In order for an action to be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, each of the four prerequisites of Rule 23(a) must be satisfied. Fed. R. Civ. P. 23.  Additionally, one of the three conditions of Rule 23(b) must be met by all proposed classes.  *Id.; see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997).  Ultimately, a "[d]istrict court maintains great discretion in certifying and managing a class action." *Berger v. Compaq Computer Corp.,* 257 F.3d 475, 478 (5th Cir. 2001) (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999) (quotations omitted).

Courts have routinely applied Rule 23(d)(1)(D), formerly Rule 23(d)(4), to actions where a party seeks to strike class allegations because plaintiffs have not met the requirements of Rule 23. *Markey v. La. Citizens Fair Plan*, No. 06-5473, 2008 WL 5427708, at *1 (E.D. La. Dec. 30, 2008)

6

(citations omitted).  A court may strike class allegations under Rule 23 where a complaint fails to plead the minimum facts necessary to establish the existence of a class.  *Aguilar v. Allstate Fire and Cas. Ins. Co.*, No. 06-4660, 2007 WL 734809, at *2 (E.D. La. Mar. 6, 2007).  Typically, the decision to certify a  class action can be made on the pleadings.  *See Stewart*, 669 F.2d 328, 332 (5th Cir. 1982).  Therefore, this Court may decide the instant Motion even though extensive class-related discovery has not yet taken place.  *See Id.* at 331 (noting that the Fifth Circuit has upheld the power of district courts to dismiss class allegations prior to any extensive class-related discovery).

      **ii.**    **Rule 23(a)**

Under Rule 23(a), the party seeking certification must first establish that: (1) the class is "so numerous that joinder of all members is impracticable"; (2) "there are questions of law or fact common to the class"; (3) the class representatives have claims or defenses "typical . . . of the class"; and (4) the class representatives "will fairly and adequately protect the interests of the class." *Wal-Mart Stores*, 131 S.Ct. at 2548 (quoting Fed.R.Civ.P. 23(a)(1)-(4)). These requirements ensure that the named plaintiffs are the appropriate representatives of the class.  *See id.* at 2550*.*  The plaintiffs bear the burden of showing that all of these prerequisites are satisfied. *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005).

The Court finds that the commonality requirement under Rule 23(a)(2) cannot be met by the Plaintiffs.  In order to satisfy Rule 23(a)(2), plaintiffs in the putative class must show that "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2).   The commonality

requirement is satisfied if at least one issue's resolution will affect all or a significant number of class members. *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999).  There is a low threshold for commonality, and the fact that some plaintiffs have different claims or require individualized analysis does not defeat commonality. *Id.*  Essentially, the commonality requirement is satisfied if there is a common question among the putative class. *Wal-Mart*, 131 S.Ct. 2541, 2557 (2011).

The Supreme Court expounded on the Rule 23(a)(2) commonality requirement in *Wal-Mart Stores, Inc. v. Dukes.  Id.* at 2550.  The *Wal-Mart* Court's main concerns, which were answered in the negative, were whether a class-wide proceeding would generate common answers apt to drive the resolution of the litigation and whether there is even a single common question. *Id.* at 2551. The *Wal-Mart* Court rejected the composite class of female employees who claimed they were being discriminated on the basis of their gender for lack of commonality, explaining that the size of the class, the varied lengths of employment, and the number of Wal-Mart stores, supervisors, and regional policies at play created a putative class that has very little in common aside from their sex and the lawsuit. *Id.* at 2557.  In so holding, the Supreme Court commented that the plaintiffs were "suing millions of employment decisions at once [w]ithout some glue holding the alleged reasons for all those decisions together." *Id.* at 2552.  The *Wal-Mart* Court implied that this "glue" was "significant proof" that Wal-Mart "operated under a general policy of discrimination." *Id*. at 2553-54.  The plaintiffs were able to prove that Wal-Mart allowed their local supervisors some

discretion over employment decisions, but could not show "with any specificity how regularly stereotypes play a meaningful role in employment decisions at Wal-Mart." *Id*. at 2553.  Thus, the *Wal-Mart* Court held that the plaintiffs could not prove the existence of a uniform employment practice that would satisfy the commonality requirement needed for a class action.  *Id*. at 2554.

Like the female employees in the *Wal-Mart* litigation, the putative class in this case–all purchasers of Viking appliances across the United States–present similar problems with commonality.  From wine cellars to rangetops and everything in between, there are currently 27 different types of Viking appliances in 187 models in varying designs, features, and options.  The Plaintiffs do not specify a time period for the manufacture or purchase of these products, which further complicates the matter because some Viking appliances that were manufactured and sold have been discontinued.  Given the vast array of products at issue, proving the defectiveness of each and every Viking product ever sold in the United States would entail numerous engineering experts[1] and individual trials to determine causation, which not only present efficiency problems that are contradictory to the purpose of class actions, but also defeats the requirement of commonality because there is not a common question among the members of the purported class.

Additionally, each appliance comes with a warranty that is tailored to that specific appliance, which varies in length and scope.  The variety of warranties are implicated because the

---

[1]The Court postulates that engineering experts of one appliance would not necessarily be an expert on another.  By way of example, an expert in freestanding ranges would not necessarily be an expert in microwaves, refrigerators, and wine cellars.

Plaintiffs allege redhibition, breach of implied warranty, and breach of contract claims.  Although individualized analyses are not fatal to certification, the Court finds that the numerous types and models of appliances and their alleged defects in this case would involve a process that ultimately degenerates the class into a series of individual trials.  An answer to one individual's question regarding defectiveness of a particular make and model of an appliance would not necessarily provide an answer for all or even most of the members of the class.

The *Wal-Mart* court held that held the plaintiffs lacked a common question because they failed to provide "convincing proof of a companywide discriminatory pay and promotion policy." *Wal-Mart*, 131 S.Ct. at 2556.  When a claim is that a company operates under a general policy of discrimination, the Supreme Court explained, "a few anecdotes selected from literally millions of employment decisions prove nothing at all."  *Id.* at n.9.

Similarly, the present case also lacks a common question because the Plaintiffs do not allege any facts in support of their conclusory allegations.  In fact, Plaintiffs complaint is completely devoid of *one* fact detailing how the Defendants' products are defective, much the less whether there is a commonality among the vast array of appliances and their alleged defective qualities.  While Plaintiffs attach to their Complaint recall notices and incident reports as evidence that Viking's products are defective, these are insufficient to show commonality among the putative class.  In fact, these public records exemplify exactly why there is little to no commonality amongst the putative class members.  The reports, derived from the website of the United States Consumer

Safety Product Safety Commission, are the perfect example of the commonality problems facing this class. Each report details varying problems with different appliances, with different importers, with the problems resulting in different injuries, if any, with differing resolutions to the problems, and over varied locations and periods of time.

Extending the logic of the *Wal-Mart* Court here, proof that some of Vikings products were recalled or that some of their consumers filled out incident reports does not amount to proof that Viking and Hadco were operating under a general policy to defraud its consumers and manufacture defective products. Accordingly, the Court finds that the commonality requirement under Rule 23(a)(2) is lacking.

### iii.   Rule 23(b)

Even if the Court found that Plaintiffs sustained their burden of meeting all four requirements under Rule 23(a), this Court finds that Plaintiff cannot sustain a class action under Rule 23(b)(3).

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Amchem Prods., Inc.*, 521 U.S. at 614. The parties agree that Rule 23(b)(3) is applicable to the case under the circumstances. (R. Docs. 24-1; 30.) The Court agrees. Ultimately, upon review of the pleadings and briefs before it, the Court finds that the individual members in the class would inevitably present questions of law or fact that predominate over those of the class.

The cause of action as a whole must satisfy Rule 23(b)(3)' s predominance requirement. *Steering Committee v. Exxon Mobil Corp.*, 461 F.3d 598, 601 (5th Cir. 2006).  Rule 23(b)(3) requires proof that: (1) questions of law or fact common to the putative class predominate over questions affecting only individual members; and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Fed. R. Civ. P Rule 23(b)(3).  To predominate, common issues must form a significant part of individual cases. *Mullen*, 186 F.3d at 626.  The predominance requirement of Rule 23(b)(3) is "far more demanding" than the commonality requirement of Rule 23(a), because it "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005).

The Court finds that the information provided in the pleadings and the facts alleged therein are insufficient to meet the traditional pleading standards, nonetheless to certify a class under Rule 23(b)(3).  As such, the Court further expounds on its reasons for not finding commonality under Rule 23(a)(2).

Plaintiffs describe the members of the putative class very generally as individuals who "have purchased kitchen appliances from Defendant and/or Defendants's dealers and distributors which were marked as 'top of the line' commercial and professional grade products." (R. Doc. 1-4, ¶ 4.) Plaintiffs further allege that all Viking products were uniformly and intentionally designed and manufactured with defects, which are supposedly evidenced by an "unreasonable and unprecedented number of malfunctions [and] non-performance." (*Id*. at ¶¶5-6.)  While Plaintiffs

allege that all Viking products are defective, they do not provide specifics or facts as to how the alleged products are defective.  Moreover, Plaintiffs makes bald allegations regarding Defendants' joint scheme to profit from their intentional misrepresentations, yet allege no facts to sustain such assertions.  By doing so, Plaintiffs seek certification of a class that is unrealistic, untenable, and based on conclusions instead of facts.

Additionally, the Court finds that the questions of law or fact common to the putative class do *not* predominate over questions affecting over individual members.  The only similarity among the putative class is that they bought a Viking appliance.  There are little to no facts that are common to the class that predominate over individual claims.  The variables on each individual claim can be discussed ad nauseam - from the type of Viking appliance purchased, to its warranty, to the store that it was purchased at, to its delivery, to the consumer's use, to the alleged defect of the product, to the repairs allegedly made.  While this list is extensive, this Court is quite sure that this is not even the beginning of the varying differences between each of the individual members.  Moreover, the type of allegations that Plaintiffs make inevitably requires fact-specific inquiries into how each and every product sold was defective, which requires experts of each and every type of appliance manufactured and sold by Defendants.  It is clear from the face of the complaint that those individualized issues pertaining to each class member patently overwhelm arguably common issues, rendering the claims inappropriate for class treatment.

Next, the Court finds that a class action is not superior to other available methods for the

13

fair and efficient adjudication of the controversy.  Due to the variables that are pertinent to each individual members, the varying state laws on all of the claims that Plaintiff brings, and the extensive and confusing trial that would ensue, the Court finds that certifying a class would lead to an unfair and inefficient adjudication of Plaintiffs claims.  Although Plaintiffs do bring allegations that Defendants have engaged in a joint and monopolistic scheme to profit from alleged faulty design and manufacture of the products, which may weigh in favor of class certification, Plaintiffs lack of facts and abundance of conclusions weigh against certifying the class for this reason alone. Despite the lack of facts underlying these individual Plaintiffs' claims, these Plaintiffs and others may still move forward with pursuing their claims individually irregardless of being a member of a class.

      C.   <u>Conclusion</u>

It "is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970).  For the aforementioned reasons, it is clear that Plaintiffs cannot meet the requirements of Rule 23.  Accordingly, the Defendants' motion to strike class allegations is hereby granted.  The case shall now be assessed as an individual action.

      II.   *Diversity Jurisdiction*

Having concluded that a class action cannot be maintained under Rule 23, the Court now turns to whether the individual claimants can nonetheless maintain suit in federal court.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that: "[i]f the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). While cases are usually dismissed for lack of subject matter jurisdiction upon a motion by defendants under Rule 12(b)(1), "the Court may assert lack of subject matter jurisdiction, *sua sponte*, at any time." *Russell v. Choicepoint Services, Inc.*, 302 F. Supp. 2d 654, 659 (E.D. La.2004) (citing Wright & Miller, Federal Practice and Procedure, § 1350). Once it is shown that a court lacks subject matter jurisdiction, the case should be dismissed without consideration of other motions, including Rule 12(b)(6) motions to dismiss. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512 (5th Cir.1980).  Because this case was removed from a Louisiana state court, 28 U.S.C.A. § 1447 will apply.  *See* 28 U.S.C.A. § 1447(a).  Section 1447 directs that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C.A. § 1447(c).

Plaintiffs Catherine and A.J. Duvio are citizens and residents of Louisiana.  The Martin Family Limited Partnership is an entity established, domiciled in, and a citizen of Mississippi.  Accordingly, Plaintiffs are citizens of Louisiana and Mississippi.  Defendant Viking is a corporation incorporated under the laws of Mississippi, where the company's principal place of business is located.  Hadco is incorporated and domiciled in Georgia.  As such, Defendants are citizens of Mississippi and Georgia.

Diversity jurisdiction exists if the amount in controversy requirement is satisfied and there

is diversity of citizenship between the plaintiffs and defendants. 28 U.S.C. § 1332(a)(2012). Complete diversity requires that the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *See Caterpillar v. Lewis*, 519 U.S. 61, 68 (1996). Here, the presence of a Mississippi citizen on both sides of the controversy defeats the requirements of complete diversity. Thus, the case must be remanded for lack of subject matter jurisdiction.


## CONCLUSION

The Plaintiffs have the burden of establishing that each of the requirements of Rule 23(a) and Rule 23(b)(3) have been satisfied as to the proposed class. The Plaintiffs were unable to meet this burden. Accordingly, Defendants Viking Range Corporation and Hadco Cooking Systems, LLC's Motion to Dismiss or alternatively Strike Class Allegations (R. Doc. 24) is hereby GRANTED. The class allegations are hereby DISMISSED WITH PREJUDICE. The remaining individual claims lack diversity, and thus, are REMANDED because the Court no longer retains subject matter jurisdiction.

Judgment shall be rendered in accordance with this Order.


New Orleans, Louisiana this 20th day of March, 2013.


**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

16